IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF PUERTO RICO

**WILSON PADILLA-MORALES**
Plaintiff

CIVIL NO. 04-2276 (DRD)

v.

**THE SHELL COMPANY
(PUERTO RICO) LTD., et al.,**
Defendants

**AMENDED ORDER TO STAY PROCEEDINGS AND TO SHOW CAUSE**

Pending before the Court is the plainitiff's *Motion for Reconsideration of Order Entered on March 15, 2005 by Honorable Judge Jose A. Fuste and Requesting Remand to State Court and Sanction* (Docket No. 21). Plaintiff moves the Court for reconsideration of the Order (Docket No. 19) issued by Chief Judge Jose A. Fuste which allowed the instant removal consequently denying plaintiff's petition for remand. Plaintiff further requested *Motion for Objection to Federal District Court's Lack of Jurisdiction* (Docket No. 23).

Originally Chief Judge Fuste had indicated to this judge that he would entertain the motion for reconsideration, however after the hearing held on April 8, 2005, (sometime in late April) the Chief Judge advised the Court that the reconsideration could be decided by the undersigned.

This Court now harbors serious doubts as to the propriety of removal in this case and issues an **ORDER TO SHOW CAUSE** to Shell. The Court explains. Pursuant to 28 U.S.C. §1446(b) "removal may be filed within thirty (30) days after receipt by defendant through service or otherwise, of a copy of an amended pleading, **motion, order or other paper from which it may be first ascertained** that the case is one which is or has become removable..." (emphasis ours). Although defendant, the Shell Company, has filed a removal of the instant case within thirty days from service of the amended complaint served on October 27, 2004, at the state court, that is, the removal was filed on November 16, 2004, the Shell Company had notice of an injunctive relief filed by plaintiff on June 1, 2004, notified to defendant on June 9, 2004. The Court notes that plaintiff at paragraph nos. 18 through 29 of the injunctive relief specifically requested remedies exclusively raised under PMPA. Hence the thirty (30) day period to remove the action had elapsed when defendant removed the case to this court on November 26, 2004, because the thirty (30) days are counted from the motion seeking injunctive relief notified on June 9, 2004 which was the **first paper from which removal may be first ascertained**. 28 U.S.C. §1446(b). The Court also notes that Chief Judge Fuste originally denied defendants' request for removal on Civil Case No. 04-1597(JAF), which is the exact same case as the instant case, on the grounds that the PMPA substantive claim was not alleged within the four corners of the complaint hence the matter is potentially Res Judicata.[1]

Therefore, defendant is **ORDERED TO SHOW CAUSE by June 15th 2005 at NOON** as

---

[1] Notwithstanding, there was pending before the local state court a TRO motion squarely based under the PMPA as stated *infra*.

to why this Court should not remand this case to the state court. Defendants motion showing cause should not exceed **ten (10)** pages. Likewise, counsel for plaintiff is granted until **June 16, 2005 at 5:00 p.m** to reply to Shell's motion showing cause. **THIS ARE FIRM DATES. EXTENSIONS OF TIME SHALL BE SUMMARILY DENIED. THE CASE IS STAYED PENDING RULING FROM THE COURT.** Both parties are **ORDERED** to advise the Court of Appeals for the First Circuit **FORTHWITH** the content of this Order.

    **IT IS SO ORDERED.**
In San Juan, Puerto Rico this 13th day of June 2005.

                                                 **S/DANIEL R. DOMINGUEZ**
                                               **DANIEL R. DOMINGUEZ**
                                               **U.S. DISTRICT JUDGE**