IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF PUERTO RICO

**WILSON PADILLA-MORALES**
**Plaintiff**

v.                                                              **CIVIL NO. 04-2276 (DRD)**

**THE SHELL COMPANY**
**(PUERTO RICO) LTD., et al.,**
**Defendants**

### AMENDED ORDER RETAINING JURISDICTION

Pending before the Court is plaintiff's *Motion for Reconsideration of Order Entered on March 15, 2005 by Honorable Judge Jose A. Fuste and Requesting Remand to State Court and Sanction* (Docket No. 21); *Motion for Objection to Federal District's Court Jurisdiction* (Docket No. 23). In sum, plaintiff's motion moves the Court to reconsider the ruling provided by the Court on March 15, 2005 (Docket No. 19) in which Chief Judge Jose A. Fuste allowed defendants' request for removal and denied plaintiff's motions to remand. For the reasons stated herein, the Court hereby **DENIES** plaintiff's *Motion for Reconsideration of Order Entered on March 15, 2005 by Honorable Judge Jose A. Fuste and Requesting Remand to State Court and Sanction* (Docket No. 21) and plaintiff's *Motion for Objection to Federal District's Court Jurisdiction* (Docket No. 23).

### PROCEDURAL LANDSCAPE

On January 29, 2004, plaintiff filed a complaint in the Court of First Instance, San Juan Superior Part against defendant seeking amongst others, declaratory judgment for alleged tortuous actions, breach of contract, and violations to the distribution agreement entered into by the parties.[1] No explicitly expressed federal cause of action was alleged in the original complaint. However, on June 9, 2004, plaintiff filed a Motion Requesting Urgent Remedy and Scheduling of Hearing

---

[1] Case No. KAC04-0644(906).

("Urgent Request") expressly requesting injunctive relief moving the state court to order the defendant to set aside its unilateral termination of the franchise agreement between the parties and to renew the sale of petroleum products. Plaintiff's urgent injunctive request sought remedies mostly based on the Petroleum Marketing Practices Act, 15 U.S.C. §§2801, *et seq*., (PMPA) and under Puerto Rico public interest laws regulating the gasoline industry. (*See*, Civil No. 04-1587(JAF), Docket No. 1, Ex. No. 30, ¶¶ 12-14, 17-29.) The urgent remedy was based procedurally under <u>Puerto Rico Telephone Co. v. Superior Court</u>, 100 P.R.R. 200 (1975) interpreting Puerto Rico's Civil Procedure Injunctive Law, 32 P.R. Laws Ann. §3521 *et seq*., as to granting an injunction. Specifically, the injunctive relief was substantively based under the PMPA alleging a defective ninety day notice for termination under 15 U.S.C. §§2804(a)(2), 2804(c) and local Public Law No.73 of June 28, 1978, protecting the gasoline industry as well as under the local gasoline industry protection dispositions contained at 23 P.R. Laws Ann. §§1101 *et seq*., and Law 3. *See*, ¶17 of the injunctive relief filed on June 9, 2004 at local court.

      Shortly thereafter, on June 23, 2004, defendant filed a timely Notice of Removal[2] before the state court under the removal allegation that plaintiff's urgent motion provided grounds for removal under the Federal Removal Statute, specifically, pursuant to 28 U.S.C. §§1441(c) and 1446(b). Specifically, defendants deemed that said urgent request constituted a "motion or other paper" which provided removal basis pursuant to 28 U.S.C. §1446(b). On July 20, 2004, plaintiff timely filed its motion to remand the case to the local state court. After some procedural housekeeping, Chief Judge Fuste granted plaintiff's request for remand on the grounds that the original complaint did not contain "within the four corners of the complaint" a request for relief pursuant to a federal cause of action; the Court considered that the case was removable under 28 U.S.C. §1441(c) (a potential

---

[2] Said Notice of Removal was filed under civil case no. 04-1597(JAF).

removal case containing also non-removable state causes of action). The Court specifically stated that "the federal question [must be] framed in the four corners of the complaint" (Civil No. 04-1597(JAF), Docket No. 35). The injunctive relief filed under PMPA did not sway the Court to allow removal of the case as urged by plaintiff. (Plaintiff in his submittal to the court stated that the injunctive relief was based "on local statutes", Civil No. 04-1597(JAF), Docket No. 20, ¶¶ 12, 20).[3] Plaintiff called the injunctive relief merely "ancillary, incidental, and/or auxiliary cause of action", and "not removable to federal court" (Civil No. 04-1597(JAF), Docket No. 20, ¶ 22, all notwithstanding that the injunctive relief specifically claimed a defective notice of termination under the PMPA as well as other local causes). Consequently, under these representations made by plaintiff, on August 23, 2004, the case was remanded to state court. (Civil No. 04-1597(JAF), Docket No. 35.) Defendant Shell acquiesced by not challenging Chief Judge Fuste's determination. Hence, the litigation between the parties proceeded at the state court level.

However, on October 2, 2004, plaintiff filed at the local state court's proceeding an Amended Complaint asserting facts relating to the termination of the parties business relationship, seeking remedies under the PMPA (entitled Fourth Cause of Action Illegal Termination under the PMPA, ¶¶ 87-93, (Civil No. 04-2276(DRD), Docket No. 8, Certified Translation)); hence explicitly proffering federal substantive claims, this time within the four corners of the Amended Complaint as signaled by Chief Judge Fuste's prior ruling. (Civil No. 04-2276(DRD), Docket No. 19.) An injunctive relief **exclusively** under PMPA was attached to the Amended Complaint, entitled Request for Injunction Pursuant to the Petroleum Marketing Practices Act, 15 U.S.C. §§1801 *et seq*.[4]

---

[3] The injunctive relief contains two (2) paragraphs numbered 12. The language that the complaint is based on local law is stated at the first paragraph numbered 12.

[4] The sworn statement provided by plaintiff merely stated that: "1) [M]y name and personal circumstances are as stated above; and 2) [T]hat I have read the request for injunction under the aegis of the Petroleum Marketing Practices Act to be submitted with this statement and that all **the facts** presented in it are true and known to me

Plaintiff's first attempt to serve process on the defendants as to the Amended Complaint was effectuated on October 27, 2004.  Consequently, the defendants filed a Notice of Removal on November 16, 2005 (Civil No. 04-2276(DRD); Docket No. 1).  On December 20, 2004, plaintiff timely filed its Motion to Remand (Docket No. 11).[5]  In support of his position, plaintiff asserted that the request for removal was based on the same premises on which the first request for removal was filed and the Court had ruled that the action was not separate or independent from the local causes of actions; second, the instant removal was untimely; third, Defendant had waived its right to remove the case; and fourth, that even considering the pleadings of the amended complaint as different from the previous pleadings in the case, the PMPA claim does not constitute a separate or independent claim from the original causes of actions.

Plaintiff's Motion to Remand was referred by the undersigned to Chief Judge Jose A. Fuste on March 14, 2005 (Docket No. 18) on the grounds that this case was a related case to the one previously entertained by him (Civil No. 04-1597(JAF)).[6]  On March 19, 2005, Chief Judge Fuste allowed the removal basically, because plaintiff's amended complaint did include a federal cause of action under the PMPA (Docket No. 19).  Consequently, plaintiff's motions to remand were denied.  Finally, Chief Judge Fuste ruled that since there was no further conflict with its previous ruling, the case could continue and was reassigned to the undersigned for further proceedings.

On March 28, 2005, and on April 8, 2005, plaintiff filed consecutive motions for

---

personally".

[5] Plaintiff timely filed a First Motion to Remand (Docket No. 7) but was denied without prejudice to resubmit because it was filed in excess of the length allowed by Local Rule 7.1(e).

[6] The case in reality was the exact same case as previously filed before Hon. Judge Jose A. Fuste.

reconsideration of the Order denying plaintiff's request to remand (Docket Nos. 21 and 23).[7] Plaintiff sustains that defendants' second attempt to remove the instant action is "a second attempt to disrupt the state proceedings and to maliciously extend Mr. Padilla's current financial crisis due to Shell bad faith illegal termination of contract".  Pro Se plaintiff, sustains that the order to remand previously issued by Chief Judge Fuste precludes the second attempt for removal since the factual basis for both requests are identical as the grounds for removability were triggered by the urgent request for remedies filed before the local state court in June 2004.

Further, plaintiff sustains that although the amended complaint contained the PMPA claim, the essence of the claim (in comparison with the original complaint) had not changed hence the PMPA cause of action cannot be considered a "separate and independent cause of action" which, according to plaintiff's understanding of the applicable case law and the federal removal statute, 28 U.S.C. §1441(c), in order for a second attempt for removal to proceed, "it should do more than merely assert new legal theory of recovery based on same set of facts".  Moreover, plaintiff sustains that defendants have waived their right to remove the instant claim because their actions before the state court have been inconsistent with their right to remove, i.e, defendants have actively participated in the state proceedings.  Finally, plaintiff affirms that due to principles of comity, a party cannot attempt to remove a case to the federal court at every instance it has the opportunity, in other words, the action cannot be bouncing back and forth from state court to federal court and vice versa at the defendants' will.

Finally, on June 10, 2005, the undersigned issued an Order to Stay the Proceedings ordering the Defendants to Show Cause as to why the instant case should not be remanded as the Court harbored serious doubts as to the propriety of the removal (Docket No. 37).  The Court noted that

---

[7] The Court notes that plaintiff's motion at Docket No. 23 is entitled *Motion for Objection to Federal District's Court Lack of Jurisdiction* although the remedy sought is to remand the action to the state court.

the first paper from which federal jurisdiction could have been asserted was plaintiff's urgent request filed before the local state court on June 2004. Finally, the Court provided plaintiff additional time to respond to defendants' motion showing cause. Both parties have appeared and with said benefit the Court proceeds to address the present matter.

## LEGAL FRAMEWORK

### A. THE FEDERAL REMOVAL STATUTE

The Federal Removal Statute, in its relevant parts, provides that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, ..., of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then be filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, **a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable**... 28 U.S.C. §1446(b). (Emphasis ours.)

The goal of the federal removal statute is to allow a defendant to remove a case to a federal court if it presents a "claim or right arising under the Constitution, treaties or laws of the United States". 28 U.S.C. §1441(b). The statute contemplates two different scenarios in which a party may move for removal. Firstly, it is well settled law that in order for a suit to confer original or removal jurisdiction on federal courts, it must appear from the face of the complaint that the resolution of the case depends on a federal question. Brough v. United Steelworkers of America, AFL-CIO, 437 F.2d 748 (1st Cir. 1971). In other words, in order for the federal court's exercise of removal jurisdiction, the notice of removal must provide sufficient information providing the court grounds to assert whether removal jurisdiction exists. 14C Wright, Miller & Cooper, 3rd, Federal Practice and

Procedure, Jurisdiction and Related Matters, §3733, p. 354 (1998).

The first instant to assert the existence of federal jurisdiction depends on whether the initial pleading provides sufficient information from which to assert the jurisdiction. This means that the thirty days commence counting when the defendant receives the initial pleading. Notwithstanding, the statute provides that if the original complaint does not state a federal claim, the thirty day time period to file for the removal will begin to run when further voluntary acts incurred by plaintiff indicates that federal jurisdiction does exist. Barraclough v. ADP Automotive Claims Services, 818 F.Supp. 1310 (D.C.Cal. 1993). Nevertheless, the statute provides that this voluntary act may be pursued through an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which has become removable.

The Court however must closely examine the "motion, order or other paper" alternative that triggers the thirty days period for a case to become removable and from which federal jurisdiction is ascertainable. The term "other paper" refers to papers generated within state proceedings specifically connected to the case to be removed and not other unrelated judicial opinions that might suggest removability. Lozano v. G.P.E. Controls, 589 F.Supp. 1036 (D.C.Tex. 1995). Notwithstanding, federal courts have concurred in accepting a wide array of documents within the scope of "the other" paper or motion referenced by the removal statute. Sister courts have held that the time limit for filing a notice of removal is triggered when a writ of summons, praecipe, or complaint provides the defendant with adequate notice of federal jurisdiction, Foster v. Mutual Fire, Marine & Inland Insurance Co., 986 F.2d 48 (3rd Cir. 1996). For example, the 30-day time period began when state court granted the motion to file cross-claim containing ERISA claims; until state court granted motion, there was no case or claim to remove, Crump v. Wal-Mart Group Health Plan, 925 F.Supp. 1214 (D.C.Ky. 1996); time limit triggered when plaintiffs filed motion for temporary

restraining order, McClelland v. Gronwaldt, 909 F.Supp. 457 (E.D. Tex 1995); a motion for an order of sequestration will constitute a sufficient paper to trigger the thirty-day removal period, Groh v. Groh, 889 F.Supp. 166 (D.C.N.J. 1995); a motion to dismiss explicitly informing the court and an adverse party that a federal claim based on facts alleged in original complaint would be added initiated 30-day period, Neal v. Trugreen LTD. Partnership, 886 F.Supp. 527 (D.C. Md. 1995).

Likewise, other Courts have determined that the "other documents" provision provided by the removal statute includes amongst others, letters from opposing counsel, correspondence between parties, affidavits, proposed jury instructions, answers to interrogatories, motions for summary judgment, and documents produced in discovery deposition testimony all noticed after the complaint is filed. Parker v. County of Oxford, 224 F.Supp. 2d 292, 294 (D.Me. 2002); Brinkley v. Universsal Health Serv., 194 F.Supp. 597, 599 (S.D.Tex. 2002). Therefore, any document or "other paper" that provides certainty to defendant that a federal claim is lodged shall trigger the new thirty-day period for previously unremovable cases to become removable. As discussed *infra*, an amended complaint may provide further grounds to file successive removal requests.

### B. THE PETROLEUM MARKETING PRACTICES ACT

The Petroleum Marketing Practices Act (PMPA), 15 U.S.C.§§ 2801 *et seq*., was enacted by Congress to provide protection for petroleum marketing franchisees against arbitrary or discriminatory terminations or nonrenewals of their petroleum marketing franchises. To protect against such practices, Congress enacted a set of uniform rules governing the grounds, the notice requirement and the procedures to follow in termination or nonrenewals of said franchises. Finally, in order to insure uniformity amongst the states, Congress explicitly provided that any state regulation of petroleum marketing franchises not being the "same as" provided in the PMPA would be preempted. 15 U.S.C. §2806(a).

The PMPA is a remedial statute, and as such, "merits a relatively expansive construction". C.K. Smith & Co. v. Motiva Enters., 269 F.3d 70, 76 (1st Cir. 2001). However, the statute constitutes a derogation of common law rights, and therefore "should not be interpreted to reach beyond its original language and purpose." Id, (quotations omitted). It is black letter law that the "starting point for interpretation of a statute is the language of the statute itself." Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 US 827, 835, 110 S.Ct.1570 (1990). Hence the Court is bound to give effect to the statute's plain meaning "unless it would produce an absurd result or one manifestly at odds with the statute's intended effect", United States v. Puerto Rico, 287 F.3d 212, 217 (1st Cir. 2002), therefore the Court shall interpret the plain language "in light of the purposes Congress sought to serve." Arnold v. United Parcel Service, 136 F.3d 854, 858 (1st Cir. 1998).

With these ground rules in mind, we examine the statute to determine whether federal courts are vested with exclusive jurisdiction to entertain claims brought forth under the PMPA. At the outset, the PMPA provides that franchisee's actions to enforce the act against its franchisor "**may be brought**, without regard to the amount in controversy, in the district court of the United States in any judicial district in which the principal place of business of such franchisor is located or in which such franchisee is doing business..." 15 U.S.C. 2805(a)(emphasis ours). The "may be brought" language of the statute has not been construed as a clause vesting upon federal courts the exclusive jurisdiction to address claims under the PMPA. Ted's Tire Service Inc. v. Chevron U.S.A., Inc., 470 F.Supp.163, 165 (D.C.Conn. 1979)(citations omitted). *See also*, Union Oil of California v. O'Riley, 276 Cal Reptr. 483, 486 (1990)("consequently we find that state courts have concurrent jurisdiction with federal courts over claims made pursuant to the PMPA".) Hence, the statutory language does not preclude that state courts may entertain claims under the PMPA, in other words, the language does not provide that these type of claims must be exclusively "instituted in

federal court". Id. Notwithstanding, the PMPA precludes and preempts any state regulation covering purportedly petroleum marketing franchises not being the "same as" provided under the PMPA, 15 U.S.C. §2806. Further, it is unquestionable that, as accepted by plaintiff, a PMPA cause of action is removable to the Federal Court as a cause of action arising under the laws of the United States. Further, "absent any indication that the federal courts have exclusive jurisdiction over a particular subject, federal laws may be enforced in either the state or federal courts." Ted's Tire Service Inc. v. Chevron U.S.A., Inc., 470 F.Supp. at 165 (citations omitted). Therefore, the undersigned is bound to conclude, as the sisters court did, that there is no statutory hurdle precluding state courts to entertain claims pursuant to the PMPA. Notwithstanding, the case is potentially removable to federal court.

## LEGAL ANALYSIS

Defendants sustain that the removal requested in the captioned case is warranted, as granted by Chief Judge Fuste on referral by the undersigned judge, on the grounds that it was the Amended Complaint filed by plaintiff at the local state court which provided the federal causes of action as the basis for removal. Defendants affirm that Chief Judge Fuste's ruling remanding the case and subsequently granted the removal when an examination of the Amended Complaint revealed plaintiff requesting separately as the Fourth Cause of Action ¶¶ 87-93, a federal substantive claim under the PMPA. Further, defendants aver that the second notice of removal resulted from subsequent pleadings which changed the jurisdictional circumstances providing new basis for the removal. Finally, defendants allege that the second request for removal is based on new grounds not present when the first notice of removal was filed. Notwithstanding, the Court notes that defendants' motion showing cause acknowledges that the case was initially removed on the basis that a "motion or paper" asserting federal claims was made and Shell understood that it made the case removable

pursuant to 28 U.S.C. §1446(b). Shell further admits that the original complaint filed by plaintiff at the local state court merely sought remedies pursuant to local statutes. Finally, Shell proposes that plaintiff has been "playing fast and loose" with the Court because plaintiff's motion to remand the original case stated that the local state court complaint was filed exclusively under local statutes hence the removal was not warranted (obviating the fact that an urgent request seeking injunctive remedies under the PMPA had been filed by plaintiffs themselves). *See* Patriot Cinemas, Inc. v. General Cinema Corp., 834 F.2d 208, 211-213 (1st Cir. 1987).

On the other hand, having defendants filed a second petition for removal, plaintiff now affirms that defendants opportunity to seek removal accrued when plaintiff's urgent request under the PMPA was filed before the local state court. However, the Court notes that plaintiff originally alleged to Chief Judge Fuste, that the removal should be denied because the federal cause of action failed to arise out of the four corners of the complaint failing to acknowledge that the injunctive relief was substantively mostly based on the PMPA. (See Civil case No. 04-1597(JAF), Docket No. 20).

In sum, the Court deems that defendants' arguments are partially based on the fact that plaintiff has asserted contradictory arguments because it first asserted that the first notice of removal was not warranted because the complaint did not proffer any federal claim, and conveniently disregarded the urgent request raising the PMPA claims; however, plaintiff now sustains that the second request for removal has been untimely filed because although the Amended Complaint did contain claims under the PMPA, their chance to remove accrued when the urgent injunctive request before the state court was originally filed.

Plaintiff, appearing Pro Se, alleges, in its relevant parts, that the PMPA claims were originally claimed by Shell after the first notice of removal was denied and were claimed by the

defendants as defenses in the proceedings before the local state court. (This allegation is plainly incorrect since the PMPA was raised by plaintiff when the injunctive relief was requested and defendants originally based its first removal request based on the PMPA allegations contained in the original injunctive relief request.) Plaintiff sustains that Shell waived removal when it continued defending itself in local court prior to the filing of the amended complaint. Further, plaintiff avers that defendants are only allowed "one shot" to remove a case and that subsequent filings "gives the impression of forum or judge-shopping" hence moves the Court to acknowledge that defendants' two notices of removal are based on the same grounds, to wit, a petition before the local state court for an injunctive relief hearing pursuant to the PMPA therefore, the instant case became removable on June 9, 2004 (when the injunctive remedy was requested by plaintiff). Finally, plaintiff suggests that since an order remanding a case to the local state courts is not reviewable nor subject of a motion for reconsideration, defendants' second request for removal is an attempt to review the first order remanding the case and it should be denied because said order to remand constitutes Res Judicata to the second petition for removal.[8]

At the outset, the legal controversy to be addressed by the Court is whether defendants' request for removal in the instant case was properly granted by Judge Fuste when the case was transferred to him by the undersigned although a previous request for removal had been denied notwithstanding that the grounds for said first request for removal was a motion requesting urgent injunctive remedies and asserting federal substantive claims under the PMPA before the local state court. Plaintiff moves the court to reconsider its ruling granting the removal on the grounds that state court proceedings should be interfered only once, at most.

---

[8] Plaintiff propounds other legal arguments which have been submitted previously by plaintiff in its motions for reconsideration.

The Court deems that plaintiff's arguments are apparently based on principles of judicial comity as stated by the First Circuit Court of Appeals. It is the law in this circuit that removal actions should "not ricochet back and forth [federal and state courts] depending upon the most recent determination of a federal court". In re La Providencia Development Court, 406 F.2d 251, 253 (1st Cir. 1969). Consequently, the law in this circuit is clear that once a district court remands a case and has so notified the state court, the district judge is without power to take any further action no matter that the district judge may later decide that the remand was erroneous. Federal Deposit Corporation v. Santiago Plaza, 598 F.2d 634, 636 (1st Cir. 1979). Therefore, it is clear that once Chief Judge Fuste decided to remand the first notice of removal filed by defendants, and so notified to the state court, his hands were tied to that decision and he was precluded from reconsidering the ruling. In re La Providencia Development Court, 406 F.2d at 253.

However, the undersigned strongly disagrees with plaintiff's view of said case and the underlying proposition that in all cases if an attempt is made to remove a case to federal court is unsuccessful, a defendant may not later attempt a removal simply because plaintiff may subsequently clearly alleged a federal cause of action in an amended complaint or a motion. Plaintiff's proposition should be construed within the statutory scheme and its applicable caselaw setting forth the proposition that a removal must be filed at the first opportunity a defendant has knowledge that federal jurisdiction has attached, Lozano v. G.P.E. Controls, *supra*, and that the case should not be ricocheting back and forth after the federal court has notified the state court of its decision to remand, Bucy v. Nevada Construction Co., 125 F.2d 213 (9th Cir. 1942), as opposed to when a federal cause of action is plead at a latter stage. *See also*, Hernandez v. State Elections Board, 30 F.Supp.2d 212, 215 (D.C.P.R. 1998)(*citing* Katonah v. US Air, Inc., 876 F.Supp. 984, 986-987 (N.D.Ill. 1995) holding that denied removal may be reopened by new information with a new thirty day period).

A potential subsequent second thirty day period to remove provided by §1446(b) is available when federal jurisdiction may be "first ascertained" that the case (not previously removable) becomes removable. However, if the movant failed to seek removal from the state court as soon as removal jurisdiction has been established, any subsequent change revealing grounds for removal precludes the defendant from invoking its right to remove. Wright, Miller & Cooper, *supra*, at 318. In other words, if a defendant fails to seek removal upon the first opportunity, the defendant has waived its right to remove at a later time. Hubbard v. Union Oil Co. of California, 601 F.Supp. 790 (D.C.W.Va. 1985). Notwithstanding, if a pleading amendment provides a new basis for removal or substantially changes the character of the litigation making it substantially a new suit, a different result may generally be reached. Wright, Miller & Cooper, *supra*, at 321. Hence as a general matter, a defendant has the "right to seek subsequent removals under 28 U.S.C. 1446(b) but is precluded "from seeking a second remand on the same grounds". S.W.S. Erectors Inc. v. Infax Inc., 72 F.3d 489, 492 (5th Cir. 1996). But preclusion of a further removal "on the same grounds" does not preclude "a different federal basis for removal" as is an amended complaint. Id., at 493.

Therefore, because the Court rejected based on 28 U.S.C. 1441(c), the removal of the original complaint because the federal cause of action was not framed within the "four corners of the complaint" discarding also the removal argument based on the PMPA allegations at the injunctive request, a subsequent amended complaint, separately alleging a PMPA cause of action (as opposed to a complaint containing no federal cause of action) and attaching an injunctive relief exclusively under the PMPA (as opposed to one under PMPA with state rights plead) satisfies the "different factual basis" requirement of the case. S.W.S. Erectors Inc., 72 F.3d at 493.

Recapitulating, at the time Chief Judge Fuste granted remand he had a complaint not alleging any federal cause of action from the "four corners" of the complaint. He also had an injunctive relief

that alleged a PMPA claim intertwined with state causes of action (the plaintiff then insisted at the Motion to Remand, Civil No. 04-1597(JAF), Docket No. 20, ¶¶ 12, 20, that the motion for injunction was merely "ancillary, incidental and/or auxiliary cause of action not warranting remand"). By contrast at the second request for removal there is an expressly alleged cause of action in the amended complaint at Cause of Action No. 4, ¶¶ 88-93, and attached thereto an injunction based exclusively under PMPA. Chief Judge Fuste was correct in retaining jurisdiction on this occasion since he had under 28 U.S.C. §1441(c) a complaint wherein under the four corners a PMPA claim was alleged and an injunction based exclusively on the federal PMPA (defective notice of termination allegation). Hence, the determination of Chief Judge Fuste stands.

## "THE LAW OF THE CASE"

There are two other potent reasons why this Court should not reconsider. The first is the "law of the case doctrine" that "posits that when a court decides upon a rule of law, that decision should continue to govern the same issue in subsequent stages of litigation". Arizona v. California, 460 U.S. 605, 618, 103 S.Ct. 1382 (1983); U.S. v. Moran, 393 F.3d 1, 7 (1st Cir. 2004). This doctrine has two branches. The first branch - the mandate rule - of no concern in this case because the case has not received an appellate mandate, is that which "prevents relitigation in the trial court of matters that were explicitly or implicitly decided by an earlier appellate decision in the same case". U.S. v. Moran, *supra*, (*citing* United States v. Vigneau, 337 F.3d 62, 67 (1st Cir. 2003)). The second branch, of importance in this case, because there is a non-appealed original ruling in the case, standing for the proposition that "a legal decision made at one stage of a criminal or civil proceeding should remain the law of that case throughout the litigation unless and until the decision is modified or overruled by a higher court. U.S. v. Moran, *supra*,(*citing* Christianson v. Colt Indus. Oper'g Corp., 486 U.S. 800, 816-817, 108 S.Ct. 2166 (1988)). This rule binds "a successor trial judge to

complete a pending case". U.S. v. Moran, *supra*, *citing* Flibotte v. Pa. Truck Lines, Inc., 131 F.2d 21, 24-25 (1st Cir. 1997).

In this case, the law of the case was that because this case was a 28 U.S.C. §1441(c) removal case invoking a potential removal cause with other non-removal state causes, the remand was granted when the original complaint did not show a federal cause of action from "the four corners of the complaint". The injunctive relief containing PMPA causes of action together with state causes of action did not sway the court to grant removal. The Court remanded and no party objected. Now, an amended complaint has been filed containing PMPA causes of action. The law of the case cannot now change the ruling and state that the injunctive relief is the first pleading stating a federal cause of action; should that have been determined the Court would not have remanded the case. Further, an amended pleading containing explicitly a federal cause of action previously unplead together with as injunctive relief based exclusively on the PMPA rids the Court of any Res Judicata effect. S.W.S. Erectors Inc., 72 F.3d at 493.

## JUDICIAL ESTOPPEL "PLAYING FAST AND LOOSE" WITH THE COURT

The **plaintiff** has been as to federal jurisdiction, playing "fast and loose" throughout this case with the court since the very first notice of removal was filed. Patriot Cinemas, 834 F.2d at 211-213. The Court explains. When the removal was timely sought by defendants based on plaintiff's emergency injunctive relief under the PMPA (remand request by defendant not based on the complaint) plaintiff then emphasized that the complaint failed to allege any federal cause of action, that the remedies sought were pursuant to local state law, and that the allegations made were not a "separate and independent" cause of action plead in the complaint subject of removal under 28 U.S.C. §1441(c). The Court notes that the emergency injunctive request was filed in local court after the thirty days had expired from the date the complaint in local court was served. The undersigned

deems that Chief Judge Fuste was guided by plaintiff and focused only in the complaint; hence remand was ordered because the federal cause of action failed to appear within the four corners of the complaint.  No acceptance was made by defendant at the remand request as to the injunctive relief under the PMPA, as specifically authorizing a removal constituting a subsequent "motion" or "paper" from which it may be ascertained that the case **"is or has become removable"**.  28 U.S.C. §1446(b).(Emphasis ours.)  Plaintiff to the contrary alleged that the injunctive relief was based on "local statutes" (¶12) and the remedy sought remained under local statutes (¶20). (Civil No. 04-1597(JAF), Docket No. 20, contains two paragraphs numbered 12). Subsequent to the remand plaintiff in state court amended the complaint and now urged the court remedies squarely under the PMPA at Cause of Action No. 4, (¶¶ 87-93).  Once again defendants moved for removal under 28 U.S.C. §1446(b).  Now, plaintiff alleges, contrary to the prior remand request, that the time to remove had elapsed, since the removal had to be based on the injunctive relief and the time began to run when plaintiff filed the injunctive relief under the PMPA.  These allegations are contrary to previous allegations before Chief Judge Fuste which induced the prior remand constituting a clear example of a party playing "fast and loose" with the Court.  The Court is therefore forced to closely examine the application to the case at hand of the judicial estoppel doctrine.

The judicial estoppel doctrine as described in Patriot Cinemas, *supra*, was first recognized by the Supreme Court in the case of Davis v. Wakelee, 156 U.S. 680, 689, 15 S.Ct. 555, 558 (1895) wherein the court declared:

> [I]t may be laid down as a general proposition in a legal proceeding, that, where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interest have changed, assume a contrary position, specially if it be to the prejudice of the party who has acquiesced in the position taken by him.

The doctrine of judicial estoppel has been recognized, and used by the First Circuit of

Appeals in Patriot Cinemas, Inc. v. General Cinema Corp., *supra*, at 211-213; Hurd v. DiMento & Sullivan, 440 F.2d 1322 (1st Cir.), *cert. denied*, 404 U.S. 862, 92 S.Ct.164 (1971); Smith v. Boston Elevated Railway Co., 184 F. 787 (1st Cir. 1911). The doctrine is to be applied when a party is "playing fast and loose with the courts" and when "intentional self contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice". It is thus applied to avoid manifest injustice. Patriot Cinemas, 834 F.2d at 212, *citing* Scarano v. Central R. Co., 203 F.2d 510, 513 (3rd Cir. 1953); *in accord* Allen v. Zurich Insurance Co., 667 F.2d 1162 (4th Cir. 1982); Jett v. Zink, 474 F.2d 149 (5th Cir.), *cert. denied*, 414 U.S. 854, 94 S.Ct. 153 (1973).

      The Court is conscious that defendant performed a timely removal based on plaintiff's PMPA injunctive relief request originally filed in state court and that Chief Judge Fuste remanded the case at least, partially induced by plaintiff's allegations that the Court should focus on the complaint ignoring the injunctive relief filed under the PMPA requested by plaintiff at the local court. The Court, induced by plaintiff, granted a remand and defendant acquiesced. Plaintiff then amended the complaint alleging a PMPA cause of action together with an injunctive relief based exclusively on the PMPA and this time when the case was removed, this time plaintiff did not allege that the four corners of the complaint failed to raise a PMPA cause of action but alleged that the first claim of federal jurisdiction was the injunctive relief "because his interests [had] changed, [and he] assum[ed] a contrary position... to the prejudice of the party who [had] acquiesced in the former position taken by him (the plaintiff)". Davis v. Wakelee, 156 U.S. at 689, 15 S.Ct. at 558. The circle has therefore been closed, plaintiff assumed a legal position inducing the Court to assume a position in his favor, defendant acquiesces and later plaintiff assumes the contrary legal position in an attempt to prejudice the party who is to be again prejudiced by defeating the party's removal right for the federal court to decide a federal claim under the PMPA.

The Court therefore holds that plaintiff is equitable judicially estopped from arguing a contrary position as originally successfully argued, acquiesced by defendant. Hence plaintiff may not now switch gears and argue that the process to remove began from the motion seeking the original injunction and contrary wise is married to its original position that the case was not removable because **the complaint**, did not contain PMPA allegations. Since the complaint was amended by plaintiff to include PMPA allegations, and defendant timely removed the case pursuant to 28 U.S.C. 1446(b), plaintiff request to remand made in successive Motions of Reconsideration (Docket No. 21) and the Motion Objecting to Federal District Court Jurisdiction (Docket No. 23) are **DENIED**. The Court retains removal jurisdiction under the PMPA.[9] Finally, the Clerk of Court is **INSTRUCTED** to notify this Order via certified mail with return receipt to Pro Se plaintiff, Wilson Padilla Morales to his address of record. The parties are to advise **FORTHWITH** the First Circuit Court of Appeals of this order relating to plaintiff's pending Mandamus requested in Civil No. 05-1787.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 29th day of June 2005.

                                                                **S/DANIEL R. DOMINGUEZ**
                                                                 **DANIEL R. DOMINGUEZ**
                                                                 **U.S. DISTRICT JUDGE**

---

[9] Granting remand would be most unjust resulting in that plaintiff by alleging completely inconsistent arguments within the same case at two different stages of the litigation defeats the statutory rights of a defendant to remove a federal cause of action to the federal court that was twice timely removed pursuant to federal law.